John H. Galloway, Jr., J.
Plaintiff appeals from a judgment entered in favor of the infant plaintiff on the verdict of a jury for the sum of $214.50 in the City Court of New Rochelle. The grounds urged for reversal and for setting aside the verdict are that the verdict is contrary to law and to the evidence, a “ compromise ” verdict, and that the verdict is inadequate.
The action is on behalf of a 13-year-old girl for injuries sustained to her scalp and her left ear as the result of defendant’s negligence in giving her a permanent wave. The jury awarded the infant $160.
*1030 The judgment is affirmed. The record presented questions of fact as to whether the infant plaintiff was injured at all and if so, to what extent she experienced pain and suffering. Her Doctor, an “ Bar, nose and throat man ”, as he described himself, and not a dermatologist, testified that he found a small lesion behind the left ear, with some inflammation, and that there were areas of the scalp that “ seemed ” scaly and inflamed. His opinion that the permanent wave treatment caused these conditions was, as he said, based on the child’s mother’s statement that she 1 ‘ had received a permanent wave treatment and as a result of this treatment this condition had arisen. I took her statement for it.” He later said he did not “know what caused it. I think it was partly due to the treatment she received. I wasn’t there when she got the treatment.” He prescribed various medications. The other testimony on injuries was not less inconclusive.
We cannot say on this record that the jury’s verdict, to the extent of the damages awarded, was either a compromise or inadequate. In the absence, as here, of substantial or prejudicial error, the jury’s determination of the questions of fact presented should not be disturbed.
The trial court’s refusal to allow the infant’s mother, also a plaintiff in her own right, to testify as an expert on the proper application of a permanent wave treatment, did not, in our opinion, constitute reversible error.
The question here presented is whether a party plaintiff, who is also the mother and guardian ad litem of an infant plaintiff, may be permitted to testify as to her opinion as an expert as to the accepted practices and precautionary measures that are followed in the giving of a certain brand-name permanent wave treatment in the hairdressing business. The trial court excluded such opinion evidence on the grounds that: 1. a plaintiff in a law suit, as an interested party, is not qualified as an expert; and 2. having not been present at the time of the treatment complained of, such witness is not qualified to testify as an expert in respect thereto.
We believe the trial court was in error in his ruling. CPLB, 4512 provides that except as otherwise expressly prescribed, a person shall not be excluded from being a witness by reason of his interest in the event or because he is a party in the action. The status of the infant plaintiff’s mother, in this instance, does not come within any express prescription or proscription as a witness on behalf of her daughter of which we are aware.
In our opinion her status as a competent witness was not affected by the fact that she was offered as an expert witness. *1031 Upon the offer of a witness as an expert, it is for the trial court to determine (a) is the subject upon which she is to testify one upon which the opinion of an expert can be received?; (b) what are the qualifications necessary to entitle a witness to testify as an expert?; and (c) has the witness those qualifications? “ Qualifications ” are established by the degree of skill and experience and learning on the particular subject concerning which the witness is called to testify. We know of no authority holding that being a party to the action or being interested in the event destroys one’s qualifications as an expert. Such facts may affect one’s credibility and the weight of his testimony, but not one’s competency as an expert witness (cf. Richardson, Evidence [5th ed.], §§ 527, 528, pp. 435-439).
Under the circumstances disclosed in this record, the trial court’s error did not in our opinion constitute reversible error, since plaintiff’s cause was not thereby substantially prejudiced.
In any event plaintiffs produced another expert on the subject, whose testimony was received without limitation. And furthermore, the infant’s mother was permitted to otherwise testify at length in regard to their claims of improper treatment and consequent injury.
Judgment affirmed.